**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GARY N. STEVENS,<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC PLUMLEE; MARCUS MITCHELL; and YOLANDA BEASLEY,<br><br>*Defendants*. | Civil Action No. 26-7556<br><br>**OPINION AND ORDER**<br><br>September 29, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Gary N. Stevens' ("Plaintiff") filing of a complaint, (ECF 1, "Complaint" or "Compl."), a revised application to proceed *in forma pauperis*, (ECF 6, "IFP Application" or "IFP App."), and a letter requesting the Court to reopen his case, (ECF 5). This Court screened Plaintiff's submissions for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a).

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying filing fees—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees," but must dismiss the matter if it determines that the action is frivolous or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** a "District Court has discretion to determine whether to grant IFP" applications. *In re Kellam*, 628 F. App'x 85, 86 (3d Cir. 2016) (citing *United States v. Holiday*, 436 F.2d 1079, 1079 (3d Cir. 1971)); and

**WHEREAS** the Court finds that Plaintiff is without the means necessary to pay filing fees.

Plaintiff represents that he has no income as he has been unemployed since December 23, 2025, and explains that public assistance and his daughter support his housing and basic needs. (IFP App. at 5.) Therefore, the Court finds leave to proceed *in forma pauperis* is warranted, and **GRANTS** Plaintiff's IFP application; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the Court need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's Complaint are insufficient to state a claim upon which relief may be granted. Plaintiff indicates that the basis of jurisdiction is federal question

jurisdiction and asserts one federal claim for denial of access to the courts. (*See* Compl. ¶¶ 4, 27-29.) Plaintiff alleges that Defendants, who are Virginia-based attorneys Plaintiff retained between 2021 and 2024 in a family court matter, refuse to provide Plaintiff with his client file, which is preventing him from "filing legal claims, appeals, and complaints." (*See id.* ¶¶ 8-9, 27-29.) Plaintiff also alleges that Defendants "failed to investigate jurisdictional defects, … challenge improper judicial involvement, and … protect Plaintiff's rights" in the family court matter. (*See id.* ¶¶ 10-11); and

**WHEREAS** "the right of access to the courts" is a fundamental constitutional right "protected by the substantive due process clause." *Est. of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]o state a claim for denial of access to courts, a party must identify all of the following in the complaint: (1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Sharifi v. Township of East Windsor*, No. 21-18097, 2023 WL 2182003, at *8 (D.N.J. Feb. 23, 2023) (citing *Christopher*, 536 U.S. at 415). Here, even if Plaintiff could show "a nonfrivolous, arguable underlying claim … [that] is more than hope," *Monroe v. Superintendent Coal Twp. SCI*, 597 F. App'x 109, 112 (3d Cir. 2015) (quoting *Christopher*, 536 U.S. at 416), an allegation that "an ***official act*** caused [Plaintiff] to lose access to the courts" is absent from the Complaint. *Beckerman v. Weber*, 317 F. App'x 125, 127 (3d Cir. 2008) (emphases added). It is well-settled that a plaintiff alleging deprivation of a constitutional right must show state action. *See, e.g.*, *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). Yet the factual allegations in Plaintiff's Complaint appear to consist of actions by private attorneys, not state actors. (*See* Compl. ¶ 8); *see also Beckerman*, 317 F. App'x at 127 ("At bottom, the plaintiff's claim is for legal malpractice,

rather than a constitutional violation."). Accordingly, because Plaintiff fails to state a valid claim for denial of access to the courts, the Court must dismiss Count I of the Complaint.[1] *See Iqbal*, 556 U.S. at 678.

**IT IS** on this **29th** day of **September 2026**;

1. **ORDERED** that Plaintiff's revised application to proceed *in forma pauperis* (ECF 6) is **GRANTED**; and it is further

2. **ORDERED** that Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice. If Plaintiff wishes to proceed in this action, Plaintiff has thirty (30) days to file an amended complaint that corrects the deficiencies discussed above. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice; and it is further

3. **ORDERED** that this matter shall remain **CLOSED**, subject to automatic reopening if Plaintiff files an amended complaint; and it is finally

4. **ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Plaintiff by regular mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Stacey D. Adams, U.S.M.J.
Parties

[1] Plaintiff also alleges fraudulent concealment, breach of fiduciary duty, and legal malpractice against Defendants under state law (Counts II-IV). (Compl. ¶¶ 30-38.) The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, *see* 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1284-85 (3d Cir. 1993), and therefore dismisses the Complaint in its entirety.